UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:01-CR-180-T-17AAS

ALEC V. MATTHEWS.

_____/

ORDER

This cause is before the Court on:

| | | |
|---|---|---|
| Dkt. 199 | Amendment 782 Memorandum | |
| Dkt. 205 | *Pro Se* Motion for a Sentence Reduction Pursuant to 18 U.S.C. Sec. 3582(c)(2), Amendment 782, and Request for Application of the Fair Sentencing Act of 2018 | |
| Dkt. 215 | *Pro Se* Motion for a Sentence Reduction Pursuant to 18 U.S.C. Sec. 3582(c)(2), Amendment 782, and Request for Application of the First Step Act of 2018 | |
| Dkt. 216 | *Pro Se* Motion for Probation Office to Furnish Addendum Pre-Sentencing Report | |
| Dkt. 217 | First Step Memorandum | |

1.  Dkt. 205    *Pro Se* Motion for a Sentence Reduction Pursuant to 18 U.S.C. Sec. 3582(c)(2), Amendment 782, and Request for Application of the Fair Sentencing Act of 2018

The Court notes that a subsequent *pro se* Motion filed by Defendant Alec V. Matthews requests the same relief that Defendant requests in this Motion. Defendant Matthews has premised the relief sought on the First Step Act of 2018 instead of the Fair Sentencing Act.

Case No. 8:01-CR-180-T-17AAS

After consideration, the Court denies *pro se* Defendant Alec V. Matthews' Motion for Sentence Reduction (Dkt. 205) as moot; an amended Motion was filed.

2.  Dkt. 216   *Pro Se* Motion for Probation Office to Furnish Addendum Pre-Sentence Report

The Court construes *Pro Se* Defendant Alec V. Matthews' Motion to be a request for the U.S. Probation Office to file a First Step Memorandum.

The U.S. Probation Office has filed a First Step Memorandum. (Dkt. 217).

After consideration, the Court denies *Pro Se* Defendant Alec V. Matthews' Motion for Probation Office to Furnish Addendum Pre-Sentence Report as moot.

3.  Dkt. 215   *Pro Se* Motion for a Sentence Reduction Pursuant to 18 U.S.C. Sec. 3582(c)(2), Amendment 782, and Request for Application of the First Step Act of 2018

*Pro* Se Defendant Alec V. Matthews requests a sentence reduction pursuant to 18 U.S.C. Sec. 3582(c)(2), U.S.S.G. Sec. 1B1.10, Amendment 782 and application of the First Step Act of 2018. Defendant Matthews seeks a term of imprisonment of 135 months as to Count I, the low end of the newly reduced guideline range of 135 to 168 months, and a sentence of 60 months as to Count 2.

The Federal Defender's Office was appointed to represent Defendant Alec V. Matthews as to Amendment 782 proceedings and as to First Step proceedings, but has been permitted to withdraw. (Dkts. 212, 214).

Case No. 8:01-CR-180-T-17AAS

A.  Background

In the Indictment (Dkt. 14), Defendant Alec V. Matthews is charged as follows:

Count 1: Conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

Violation of 21 U.S.C. Secs. 846 and 841(b)(1)(A)(ii).

Count 2 In furtherance of a drug trafficking crime, as charged in Count 1, did knowing possess firearms.

Violation of 18 U.S.C. Secs. 924(c)(1)(A); 924 (c)(1)(A)(i) and 2.

Defendant Matthews proceeded to a jury trial, and the jury found Defendant Matthews guilty on October 5, 2001. (Dkt. 66).

Prior to sentencing, Defendant Matthews sought to represent himself. The Court conducted a *Faretta* hearing, and permitted Defendant Matthews to represent himself. Defendant Matthews then requested appointment of new counsel, and the Court agreed to reschedule the sentencing hearing. (Dkt. 167). Although a new counsel was appointed, Defendant Matthews did represent himself at sentencing, with standby counsel (Dkt. 125).

At sentencing, the Court overruled Defendant's objections, and adopted the factual findings and guideline application in the presentence report, determining the following Guideline Range:

Case No. 8:01-CR-180-T-17AAS

| | |
|---|---|
| Total Offense Level | 32 |
| Criminal History Category | IV |
| Imprisonment Range | 240 months (Count 1) |
| | 60 months consecutive to Count 1 (Count 2) |
| Supervised Release Range | 10 years (Count 1) |
| | 3 to 5 years (Count 2) |
| Fine Range: | $17,500 to $8,000,000 |

Prior to sentencing, the Government filed a Section 851 Notice. (Dkt. 49). At sentencing, the Court imposed the statutory mandatory minimum term of imprisonment, which was enhanced due to the prior felony conviction. (Dkt. 199, pp. 9-10).

Defendant Matthews was sentenced on April 25, 2002 to a term of imprisonment of 240 months as to Count 1, and a 60-month consecutive term of imprisonment on Count 2, to be followed by a 10-year term of supervised release on Count 1, and a concurrent term of supervised release on Count 2, fine waived, and a special assessment fee of $200. (Dkt. 125).

Defendant Matthews appealed his conviction; the Eleventh Circuit Court of Appeal affirmed. (Dkts. 147, 172).

Defendant Matthews filed a Sec. 2255 petition; the Court denied the petition as time-barred. (Dkt. 152).

Defendant Matthews sought to file another Sec. 2255 petition; the Eleventh Circuit Court of Appeal denied Defendant's application to file a second or successive motion to vacate, set aside or correct sentence under Sec. 2255. (Dkt. 197).

Case No. 8:01-CR-180-T-17AAS

B.   Discussion

18 U.S.C. Sec. 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

...

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. Sec. 1B1.10 is the Policy Statement as to Reduction in Term of Imprisonment as a Result of Amended Guideline Range.

The Court notes that Sec. 1B1.10 (a)(2) provides:

(2)   <u>Exclusions</u>–A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. Sec. 3582(c)(2) if–

(A)   none of the amendments listed in subsection (d) is applicable to the defendant; or

(B)   an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

Case No. 8:01-CR-180-T-17AAS

At sentencing, Defendant Matthews was held accountable for eight kilograms of cocaine. Defendant Matthews' base offense level was 32 (at least 5 kilograms but less than 15 kilograms of cocaine). (U.S.S.G. Sec. 2D1.1)(2002)). However, Defendant Matthews was sentenced to the mandatory minimum of 240 months imprisonment on Count 1 pursuant to 21 U.S.C. Secs. 841, 846 and Sec. 851.

Amendment 782 reduced the base offense levels for most federal drug trafficking crimes by two levels. However, Defendant Matthews was sentenced to the statutory mandatory minimum term of 240 months imprisonment. In other words, Defendant Matthews' sentence was based on something other than offense level calculations under U.S.S.G. Sec. 2D1.1. When a statutory mandatory minimum is greater than the otherwise-applicable sentencing range, "the statutorily-required minimum sentence shall be the guideline sentence." (U.S.S.G. Sec. 5G1.1(b)) *See United States v. Mills*, 613 F.3d 1070, 1076 (11th Cir. 2010)(citing *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008)). *See also United States v. Hope*, 642 Fed. Appx. 961 (11th Cir. 2016) (unpublished).

The relief that is available under 18 U.S.C. Sec. 3582(c)(2) is narrow. The Court does not have the authority to grant a reduction in the term of imprisonment under Sec. 3582(c)(2) when an amendment to the Guidelines "is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. Sec. 1B1.10, comment (n.1(A)).; *U.S. v. Moore*, 541 F.3d 1323, 1327-1328 (11th Cir. 2008).

Case No. 8:01-CR-180-T-17AAS

Defendant Matthews asserts that pursuant to the First Step Act of 2018, Defendant Matthews is no longer eligible to receive the Section 851 enhancement.

Section 2 of the Fair Sentencing Act of 2010 increased the amounts of cocaine base which trigger the application of statutory mandatory minimums pursuant to 21 U.S.C. Sec. 841(b)(1). Section 3 eliminates the statutory mandatory minimum for simple possession pursuant to 21 U.S.C. Sec. 844.

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.*

While the First Step Act of 2018 does render application of the Fair Sentencing Act retroactive, the Fair Sentencing Act does not affect Defendant Matthews' sentence. Defendant Matthews was not sentenced for a crack cocaine offense, nor was Defendant sentenced for a violation of 21 U.S.C. Sec. 844. In other words, Defendant Matthews' offense of conviction is not a "covered offense" under the First Step Act of 2018.

After consideration, the Court denies *pro se* Defendant Matthews' Motion for a Sentence Reduction. (Dkt. 215). Accordingly, it is

Case No. 8:01-CR-180-T-17AAS

**ORDERED** that Defendant's *Pro Se* Motion for a Sentence Reduction Pursuant to 18 U.S.C. Sec. 3582(c)(2), Amendment 782, and Request for Application of the Fair Sentencing Act of 2018 (Dkt. 505) is **denied as moot**; it is further

**ORDERED** that Defendant's *Pro Se* Motion for Probation Office to Furnish Addendum Pre-Sentencing Report (Dkt. 216) is **denied as moot**; it is further

**ORDERED** that Defendant's *Pro Se* Motion for a Sentence Reduction Pursuant to 18 U.S.C. Sec. 3582(c)(2), Amendment 782, and Request for Application of the First Step Act of 2018 (Dkt. 215) is **denied**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 26th day of September, 2019.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

All parties and counsel of record

*Pro Se* Defendant:

Alec V. Matthews
Reg. # 39661-018
FEDERAL CORRECTIONAL INSTITUTION
Bennettsville
P.O. Box 52020
Bennettsville, SC   29512