UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:01-cr-180-T-02AAS

ALEC V. MATHEWS

_____/

**ORDER ON MOTION FOR REDUCTION
UNDER 18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)**

Before the Court is Defendant Alec Mathews' motions for reduction in sentence ("compassionate release") filed pursuant to 18 U.S.C. § 3582 (c)(1)(A), as amended by the First Step Act of 2018 (Dkts. 221, 226), and the United States' response in opposition (Dkt. 229). The Court grants the Defendant's request to file a reply (Dkt. 230) and treats that filing as the reply. After reviewing the submissions of the parties, the Court denies the motion without prejudice.

**Background**

Mr. Mathews is 47 years old and incarcerated at a federal correctional institution in Beaver, West Virginia. In 2001, a jury convicted him of 1) conspiracy to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine (count one), and 2) knowingly possessing a firearms in furtherance of the crime charged

in the first count of the indictment (count two).  Dkt. 66; Dkt. 218 at 3.  Defendant was sentenced to a guidelines sentence of 240 months in prison on the first count followed consecutively by 60 months' imprisonment on the second count.  Dkt. 125.  He received the statutory mandatory minimum of 240 months, which was enhanced due to a prior felony conviction.  Dkt. 199 at 9–10; Dkt. 218 at 4, 6.

At sentencing, Defendant was found accountable for eight kilograms.  *Id*.  Defendant's conviction was affirmed on appeal.  Dkts. 147, 172.  Defendant's motion filed under Amendment 782 to the First Step Act of 2018 was denied because the amendment did not have the effect of lowering Defendant's applicable guideline range based on the minimum mandatory and because the offense was not a "covered offense" as it did not involve crack cocaine.  Dkt. 218 at 6–7.  His projected release is March 2023.[1]

Defendant alleges he has "grave medical reasons" including hypertension which, when considered with his age and race, make him "more likely to succumb to COVID 19."  Dkt. 221 at 4–5.  The documentation he provides does not show the nature of a "grave" condition or that any medical condition is severe or substantially diminishes his ability to provide self-care in prison.[2]  Dkt. 230-3.  *See* U.S.S.G. § 1B1.13, comment n.1(A) (serious medical condition must "substantially

---

[1] The Bureau of Prison's website was last checked August 25, 2020.  *See* https://www.bop.gov/inmateloc/.
[2] He does not allege any other conditions in his motions.

diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover". Hypertension, if treated, has been found insufficient to justify compassionate release because it is not an extraordinary and compelling reason as required by 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. *See United States v. Copeland*, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (holding hypertension treated by medication is "hardly an extraordinary condition" warranting release based on the virus, COVID-19).

## **Exhaustion of Administrative Remedies**

According to the United States, Mr. Mathews has twice attempted to informally resolve his request for compassionate release, but his attempts have suffered technical deficiencies in the eyes of the Bureau of Prisons. Dkt. 229 at 9; Dkt. 229-1. Though the Defendant's requests never reached the warden, and hence the 30-day lapse has not been triggered under 18 U.S.C. § 3582(c)(1)(A), the United States candidly discloses these circumstances are not for lack of trying on the part of Mr. Mathews. *Id*. Nevertheless, the Court is bound by the statute requiring the request to be submitted to the warden or administrative remedies be exhausted. 18 U.S.C. § 3582(c)(1)(A). Exhaustion is mandatory and not waivable. *United States v. Rodriguez-Begerano*, No. 8:12-cr-558-T-22AEP, 2020 WL

3000737, at *2 (M.D. Fla. June 4, 2020) (citing *Ross v. Blake*, 136 S. Ct. 1856–57 (2016)); *United States v. Winner*, No. CR 117-034, 2020 WL 2124594, at *1 (S.D. Ga. Apr. 24, 2020) (citing *Ross v. Blake*).³  The Court is therefore without authority to grant relief.  *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020) (holding court had no authority absent exhaustion of remedies to grant relief under § 3582(c)(1)(A)(i)); *United States v. Israel*, No. 95-00314, 2020 WL 3893987, at *8 (S.D. Fla. July 10, 2020) (citing cases holding no authority to consider release absent exhaustion).

## Other Requirements

Even if Mr. Mathews' application had reached the warden and 30 days lapsed, or the Court had the authority to waive exhaustion of remedies, he fails 1) to allege any extraordinary and compelling reason, 2) to satisfy the § 3553(a) factors, and 3) to demonstrate he is not a danger to the community.  Defendant characterizes his condition as "grave," but he is classified as BOP Care level 1, which means he is healthy or requires only simple chronic care.  Dkt. 229-2.  Attached to Defendant's reply are documents showing the high blood pressure

---

³ The Eleventh Circuit has not yet ruled on whether the exhaustion requirement of § 3582(c)(1)(A) is subject to waiver under the circumstances of the current pandemic.  District courts in this district sometimes cite to a Third Circuit Court of Appeals case as authority for the unavailability of waiver.  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *5 (M.D. Fla. May 15, 2020) (citing *Raia*); *United States v. Thomas*, No. 6:10-cr-35-Orl-28GJK, 2020 WL 4551531, at *2 (M.D. Fla. Aug. 6, 2020) (citing *Raia* and *Smith*).

4

readings beginning at some point in 2020; however, those documents also evidence medication for hypertension was prescribed at the time his blood pressure elevated. Dkt. 230-3.  Hypertension, and especially if treatable, by itself is not an extraordinary and compelling reason for release, even when coupled with the present pandemic.  *See Copeland*.[4]

Additionally, the § 3553(a) factors weigh against his release.  Mr. Mathews had a criminal history category of IV at the time sentencing.  Dkt. 199 at 2.  His prior criminal conduct consisted of drug offenses, violent crimes, and illegal possession of an unlicensed firearm.  *Id*. at 11–13.  His prison disciplinary report reveals he has been involved in several incidents including possession of a dangerous weapon.  Dkt. 229-3.  His 240-month mandatory minimum prison sentence followed by a consecutive 60-month prison term reflects the seriousness of the crime of trafficking in cocaine while knowingly possessing firearms and protects the public from further drug-related crimes of the Defendant.  This fact further weighs against a finding that he is not a danger to others or the community. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2) (release denied unless defendant is not a danger to the safety of any other person or the community).

---

[4] The United States points out the Defendant's facility, as of August 5, 2020, had no reported deaths and no inmates who tested positive for the coronavirus COVID-19.  Dkt. 229 at 16. Defendant admits he would be homeless if released.  Dkt. 221 at 7.

Accordingly, Defendant's motion to file a reply (Dkt. 230) is granted and the Court has treated and considered it as the reply. Defendant's motions (Dkts. 221, 226) are denied without prejudice because Defendant has not exhausted all administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of Defendant's request by the warden of his facility. Defendant may file a renewed motion once eligible under the terms of the statute.

**DONE AND ORDERED** at Tampa, Florida, on August 26, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE